United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY SHARANI and CATHERINE SHARANI, | No. C 08-03854 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND FOR ATTORNEYS' FEES** |
| v. | |
| SALVIATI & SANTORI, INC. a/k/a/ IAL LOGISTICS EMIRATES L.L.C., | |
| Defendant. | |

On December 12, 2008, the Court heard oral argument on defendant's motion to dismiss plaintiffs' complaint and for attorneys' fees. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Pro se plaintiffs Jay Sharani and Catherine Sharani filed a complaint on August 12, 2008 alleging breach of contract and negligence under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701.[1] On February 9, 2008, plaintiffs entered into a bill of lading with defendant for shipment of seventy pieces of household goods from the United Arab Emirates to San Francisco. Complaint ¶ 9. The same day, the goods were received by the carrier in good condition. *Id.* ¶ 11. On March 5, 2008, plaintiffs paid defendant $3600 for shipment of the goods. *Id.* ¶ 10. The goods arrived in Oakland on

---

[1] Plaintiffs' complaint alleges causes of action under 46 App. U.S.C. § 1301 *et seq.* COGSA was previously codified at 46 App. U.S.C. § 1301-1315 but was moved to 46 App. U.S.C. § 30701 in 2006. The Court will construe plaintiffs' complaint as referencing the correct citation for COGSA.

March 17, 2008. *Id.* ¶ 12. Defendant failed to notify plaintiffs that their goods had arrived. *Id.* ¶ 13. Over the next two months, plaintiffs made numerous attempts over e-mail to contact defendant's Dubai office, but received no response. *Id.* ¶ 13. When plaintiffs reached defendant's New York office, they were referred to its California office and were informed that the goods had been waiting in Oakland for weeks. *Id.* ¶ 13. On or about May 20, 2008, Carmichael International Service located the goods at a warehouse in Oakland, where they were in the process of being sold at auction. *Id.* ¶ 14. When the remaining goods were delivered to plaintiffs' home, most of them were heavily damaged and unusable. *Id.* ¶ 16.

The bill of lading includes the following provision:

> The contract evidenced by or contained in this Bill of Lading is governed by the law of ENGLAND and claim or dispute arising hereunder or in connection herewith shall be determined by courts in LONDON and no other court.

*See* Complaint, ex. A.

Now before the Court is defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).

## DISCUSSION

**1.    Forum Selection Clause**

Defendants argue that plaintiffs have violated the forum selection clause of their bill of lading contract by filing a complaint in the Northern District of California, and that their complaint should therefore be dismissed.[2] Motions to dismiss based on a forum selection clause are treated as Federal Rule of Civil Procedure 12(b)(3) motions to dismiss for improper venue. *Arguetta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996). Federal law governs the enforceability of forum selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988).

---

[2] Plaintiffs have named "Salviati & Santori, Inc. a/k/a/ IAL Logistics Emirates, L.L.C." as defendant. In fact, plaintiffs entered into the bill of lading contract with IAL Logistics Emirates, L.L.C., which was the carrier of plaintiffs' goods. *See* Complaint, ex. A. Salviati & Santori was IAL Logistics Emirates' delivery agent for the shipment at issue in this case. *See* Decl. of Richard Carbone in Supp. of Def. Mot. to Dismiss, ¶ 2. The bill of lading provides that the provisions of the contract may be extended to agents of the carrier. *See* Complaint, ex. A ¶ 5. Plaintiffs do not dispute that defendant Salviati & Santori, Inc. may assert the forum selection provision of the bill of lading.

Under a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, as would be required under a Rule 12(b)(6) analysis, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir.1998). Because a 12(b)(3) motion has a dramatic effect on plaintiff's forum choices, the trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003).

Forum selection clauses are "prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' under the circumstances." *Argueta*, 87 F.3d at 325 (quoting *Bremen v. Zapata Of-Shore Co*., 407 U.S. 1, 10 (1972)). Specifically, a forum-selection clause is unreasonable if:

> (1) [I]ts incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power . . . (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court . . . or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta*, 87 F.3d at 325 (internal quotations and citations omitted) (discussing the *Bremen* exceptions). Plaintiffs argue that the forum selection clause in this case is unreasonable for each of the exceptions articulated in *Bremen*.

### A. Unequal bargaining power

Plaintiffs claim that the forum selection clause was included in the bill of lading as a result of defendant's "overreaching" because plaintiffs "did not have equal contract bargaining power" and were not able to negotiate the terms of the contract. *See* Pl. Opp. to Def. Mot. to Dismiss, at 5. Plaintiffs allege no facts in support of this argument. Even if plaintiffs' contentions were supported by factual allegations, defendant's purportedly unequal bargaining power and the fact that plaintiffs did not negotiate the terms of the forum selection clause do not render the clause unreasonable. *See Murphy*, 362 at 1141 ("a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause") (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (upholding "non-negotiated forum-selection clause" that appeared in "form ticket contract")); *see also Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336-1338-39 (9th Cir. 1997) (rejecting argument that forum selection clause should be invalidated because the bill of lading in which it appeared was a

3

contract of adhesion).

### B. Inconvenience to plaintiffs

Plaintiffs argue that the forum selection clause is unreasonable because it would deny plaintiffs their day in court. According to plaintiffs, litigating this matter in England would be disruptive to their two young children and prohibitively expensive. In addition, they are unfamiliar with the British legal system, cannot afford counsel in the United Kingdom, and cannot take extended time away from their jobs to represent themselves abroad.

Ninth Circuit precedent "suggests that courts are to consider a party's financial ability to litigate in the forum selected by the contract when considering" the second *Bremen* factor. *Murphy*, 362 F.3d at 1141-42 (citing *Spradlin v. Lear Siegler Management Services Co., Inc.*, 926 F.2d 865, 869 (9th Cir. 1991)). In *Murphy*, the Ninth Circuit remanded for further proceedings to resolve disputed facts because the trial court did not give proper weight to plaintiff's evidence that the forum selection clause in his employment agreement requiring venue in Wisconsin would effectively preclude him from litigating his claim. *Id.* at 1143. In that case, the plaintiff, an Oregon resident, was a disabled 61 year old who claimed that he used all of his and his wife's disability payments to pay outstanding bills and had no disposable income. *Id.* at 1142. In addition, he claimed that he could not drive to Wisconsin because of a physical disability that purportedly prevented him from sitting for long periods of time. *Id. Murphy* held that if the plaintiff's allegations were accepted as true, "the combination of [the plaintiff's] alleged financial troubles and physical limitations would bar him from litigating his claim". *Id.* at 1143.

Similarly, in *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135 (N.D. Cal. 2000), the court declined to enforce a forum selection clause requiring two California plaintiffs to litigate their claims under the Americans with Disabilities Act in Florida. One plaintiff was "wheelchair bound" and was "bowel and bladder incontinent and unable to use airplane restrooms due to their narrow configuration." *Id.* at 1141. The other plaintiff was a wheelchair bound quadriplegic "with limited bladder and bowel control thus requiring immediate restroom access at all times." *Id.* Both plaintiffs, due to their extreme disabilities, were of meager economic means, making the cost of travel to Florida prohibitively expensive. *Id.* The court found that the forum selection agreement was unreasonable because of "the degree, combination, [and] cumulative effect of the severe physical *and* economic disabilities" faced

4

by the plaintiffs. *Id.* at 1142 (emphasis in original).

On the record before the Court in this case, the Court cannot find that the hardships claimed by plaintiffs make enforcement of the forum selection clause unreasonable.[3] In their declaration submitted in support of their opposition to defendant's motion, plaintiffs offer no evidence of their financial status other than to state that they both have jobs. *See* Decl. of Jay and Catherine Sharani in Supp. of Opp. to Def. Mot., ¶ 10(e). The fact that both plaintiffs are employed distinguishes them from the plaintiffs in *Murphy* and *Walker*. While plaintiffs claim that they cannot afford counsel to represent them abroad and are unfamiliar with the British legal system, *id.* at ¶ 10(d), they do not explain why counsel in this country would be less expensive than in England or why, as pro se plaintiffs, they have greater familiarity with the U.S. legal system. Finally, plaintiffs claim that litigating the case abroad would be disruptive for their two school-age daughters, *id.* ¶ 10(e), but do not explain why one parent could not stay with the children while the other parent pursues the claim, or why their income is insufficient to pay for childcare. Accordingly, the Court finds that, even drawing all reasonable inferences in favor of plaintiffs and resolving all factual conflicts in their favor, *see Murphy* at 1138, this record does not demonstrate that plaintiffs would be denied their day in court if the forum selection clause is enforced.

### C. Public policy

Finally, plaintiffs claim that the forum selection clause is unreasonable under the third *Bremen* factor because enforcement "may contravene public policy." Pls. Opp. to Def. Mot. to Dismiss, at 6. Plaintiffs do not, however, indicate which public policies the forum selection clause at issue here might violate. The Court finds that plaintiffs have not met their burden in establishing that enforcement of the forum selection clause would be unreasonable because it would violate public policy.

Accordingly, the Court concludes that enforcement of the forum selection clause would not be unreasonable and GRANTS defendant's motion insofar as it seeks to dismiss plaintiffs' complaint. This dismissal is without prejudice to refiling in the proper forum.

---

[3] At oral argument, the Court offered plaintiffs the opportunity to offer additional evidence in support of their motion, but they declined to do so.

**United States District Court**
For the Northern District of California

**2.     Attorneys' Fees**

Defendant seeks an award of attorneys' fees incurred in responding to plaintiffs' complaint. Defendant argues that the bill of lading provides for disputes arising under the contract to be governed by English law. Under English law, courts are authorized to award costs, including attorneys' fees, to the prevailing party. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975).

As discussed above, this Court decides the enforceability of the forum selection clause under federal law. Defendant provides no authority for the proposition that having determined that it has no jurisdiction and must dismiss the complaint, the Court may also give effect to the contract by awarding attorneys' fees under the contract's choice of law provision. In any event, even if the Court did have discretion to award fees, it would not do so in this case, where plaintiffs are representing themselves, the legal issues involved in this motion are not complex, and defendant has provided no discussion of why fees are warranted.

Accordingly, the Court DENIES defendant's motion insofar as it seeks attorneys' fees.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion.

**IT IS SO ORDERED.**

Dated: 12/29/08

SUSAN ILLSTON
United States District Judge